








```
RYC    11/12/02    9:12
3:00-CV-01725   GEVISSER V. PEERLESS SYS CORP
*42*
*STIPO.*
```

JEFFREY R. KRINSK, State Bar No. 109234
FINKELSTEIN & KRINSK
501 West Broadway, Suite 1250
San Diego, CA 92101-3593
Telephone: 619/238-1333
Facsimile: 619/238-5425

Attorneys for Lead Plaintiffs

FILED
NOV 1 2 2002
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re PEERLESS SYSTEMS CORP. SECURITIES LITIGATION | CASE NO.: 00-CV-1725-L (RBB)<br><br>Class Action<br><br>**STIPULATION AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL** |

ENTERED ON 11/12/02

STIPULATION AND [PROPOSED] ORDER
OF VOLUNTARY DISMISSAL

C:\NrPortbl\PALIB1\LSR\2199412_1.DOC

THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, stipulate as follows:

WHEREAS on March 1, 2001, this Court appointed Brad Blumenthal and the Bugajski Group as lead plaintiffs and the law firm of Finkelstein & Krinsk as lead counsel for lead plaintiffs;

WHEREAS lead plaintiffs' third amended and consolidated complaint was filed on July 15, 2002;

WHEREAS in investigating this matter further as directed by the Court, the lead plaintiffs and their counsel have decided to voluntarily dismiss this action without prejudice;

WHEREAS under Fed.R. Civ. P. 41(a)(1), plaintiffs are entitled by right to dismiss this action without prejudice prior to the service of an answer or motion for summary judgment or upon stipulation of the parties:

(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66 and of any statute of the United States, any action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....

WHEREAS the Ninth Circuit has explained that:

Rule 41(a)(1) granted [plaintiffs] an *absolute* right to dismiss [the defendant] without prejudice and without prior leave of court. We agree.

The language of Rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." Fed. R Civ. P. 41(a)(1). As the court stated in *American Cyanamid Co. v McGhee*, 317. F.2d 295, 297 (5th Cir. 1963):

The [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Pedrina v Han Kuk Chun*, 987 F.2d 608, 610 (9th Cir.1993) (emphasis added, footnotes omitted);

1  WHEREAS defendants have neither filed an answer to the Complaint for Violation of the
2  Federal Securities Laws ("Complaint"), nor moved for summary judgment and, in fact, stipulate
3  to this dismissal;

4  WHEREAS since this case involves a class action, this Court has an obligation, under
5  Fed. R. Civ. P. 23(e), to ensure that the rights of the absent class members are not prejudiced;

6  WHEREAS Rule 23(e) provides that "[a] class action shall not be dismissed or
7  compromised without approval of the court, and notice of the proposed dismissal or compromise
8  shall be given to all members of the class in such manner as the court directs";

9  WHEREAS the purpose of Rule 23(e) is to ensure that the representative plaintiff fulfills
10 fiduciary duties to absent class members. *See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d
11 1401, 1408 (9th Cir. 1989) (allowing the district court to "inquire into the terms and
12 circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial").
13 *Id.* (citation omitted). *See also Austin v Pennsylvania Dep't of Corrections*, 876 F.
14 Supp.1437,1455 (E.D. Pa. 1995) (Rule 23(e) intended to prevent detriment to absent class
15 members); *Anderberg v Masonite Corp.*, 176 F.R.D. 682, 687-88 (N.D. Ga. 1997) (purpose of
16 Rule 23(e) is to protect interests of absent class members); *Pipes v. Am. Sec. Ins. Co.*, 169 F.R.D.
17 382,384 (N.D. Ala.1996) (Rule 23(e) serves to protect absent class members); *Blanchard v
18 Edgemark Fin. Corp.*, 175 F.R.D. 293,298-99 (N.D. Ill.1997) (Rule 23(e) designed to protect
19 interests of absent class members);

20 WHEREAS the principal purpose of Rule 23(e) is to prevent defendants from paying
21 consideration to the named plaintiffs in return for the dismissal of the action without
22 consideration being paid to the class. *See Diaz*, 876 F.2d at 1408-11. No such danger exists
23 here, as neither lead plaintiffs nor lead counsel has received or will receive any consideration for
24 dismissal;

25 WHEREAS plaintiffs have adhered to the fiduciary framework of *Diaz* as follows:
26 • Lead plaintiffs did not append class allegations in order to obtain favorable individual settlements;
27
28 • Lead plaintiffs have not received any compensation for dismissal;
   • There have been no trade-offs between compensatory and structural relief;

STIPULATION AND [PROPOSED] ORDER   -3-   C:\NrPortbl\PALIB1\LSR\2199412_1.DOC
OF VOLUNTARY DISMISSAL

1  • There has been no settlement or collusive negotiations between the parties;

2  WHEREAS no prejudice will result from dismissal of the Complaint as it is without

3  prejudice, and putative class members are free to pursue their individual claims;

4  WHEREAS notice of a pre-certification dismissal serves three purposes: it protects a

5  defendant by preventing a plaintiff from appending class allegations to his complaint in order to

6  extract a more favorable settlement; it protects the class from objectionable structural relief,

7  trade-offs between compensatory and structural relief or depletion of limited funds available to

8  pay class claims; and it protects the class from prejudice it would otherwise suffer if class

9  members have refrained from filing suit because of knowledge of the pending class action. *Diaz*,

10 876 F.2d at 1409;

11 WHEREAS prior to the enactment of the Private Securities Litigation Reform Act of

12 1995 ("PSLRA"), in *Kas v Chevron Corp*, Civ. No. C-89-4335-SC, 1992 U.S. Dist. LEXIS

13 13635 (N.D. Cal. Aug. 20, 1992), the Court ordered dismissal without prejudice and without

14 notice to the class in circumstances similar to those here, except that, in this case, putative class

15 members have received the minimal notice provided for by §§27(a)(3)(A)(i)(II) and

16 21D(a)(3)(A)(i)(II) of the PSLRA, 15 U.S.C. §§77z-1 and 78u-4, by the publishing of a press

17 release over the *Business Wire*; and

18 WHEREAS the parties propose that notice of this dismissal take the same form as that

19 received by potential class members in the initiation of this action. A proposed form of Notice of

20 Voluntary Dismissal of Class Action ("Notice of Dismissal") is attached hereto as Attachment A

21 for approval pursuant to Fed. R. Civ. P. 23(e). The parties agree that upon entry of this

22 [Proposed] Order, the Notice of Dismissal shall be provided to the class via the *Business Wire*;

23 THEREFORE, the parties stipulate and agree that the Complaint and this action be

24 DISMISSED without prejudice; that each party will bear his/her or its own costs; that there is no

25 ///

26 ///

27 ///

28 ///

STIPULATION AND [PROPOSED] ORDER        -4-        C:\NrPortbl\PALIB1\LSR\2199412_1.DOC
OF VOLUNTARY DISMISSAL

1  basis upon which to find that the parties have failed to comply with Rule 11(b); and that Notice
2  of Dismissal shall be published in accordance with the requirements stated herein within 10 days
3  of entry of this Stipulation and [Proposed] Order.

4  IT IS SO STIPULATED.
5  Dated: November 7, 2002

FINKELSTEIN & KRINSK

_____
Jeffrey R. Krinsk

501 West Broadway, Suite 1250
San Diego, CA 92101-3593
Telephone: 619/238-1333
Facsimile: 619/238-5425

Lead Counsel for Plaintiffs

12  Dated: November 7, 2002

WILSON SONSINI GOODRICH & ROSATI

_____
Ellen H. Ehrenpreis

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650/493-9300
Fax: 650/565-5100

Counsel for Defendants

*   *   *

**ORDER**

IT IS SO ORDERED.
Dated: 11/8/02

_____
HONORABLE M. JAMES LORENZ
JUDGE OF THE DISTRICT COURT

STIPULATION AND [PROPOSED] ORDER   -5-   C:\NrPortbl\PALIB1\V.SR\2199412_1.DOC
OF VOLUNTARY DISMISSAL.

# ATTACHMENT A

## NOTICE OF VOLUNTARY DISMISSAL OF SECURITIES FRAUD CLASS ACTION AGAINST PEERLESS SYSTEMS CORPORATION

San Diego, November ___, 2002. On November ___, 2002, the Lead Plaintiffs appointed by the United States District Court for the Southern District of California to represent all persons ("the Class") who purchased Peerless Systems Corporation ("Peerless") common stock during the period between June 11, 1999 and May 25, 2000 (the "Class Period"), filed a Stipulation and [Proposed] Order of Voluntary Dismissal ("Proposed Order"), agreed to by defendants, in In Re Peerless Systems Corp. Securities Litigation, Civ. No. 00-CV-1725-1 (RBB). On November ___, 2002, the United States District Judge entered the [Proposed] Order voluntarily dismissing the Complaint for Violation of the Federal Securities Laws ("Complaint") and lawsuit without prejudice.

The Complaint charged Peerless and certain of its officers with violations of the Securities Exchange Act of 1934. The Complaint alleged that defendants' false and misleading Class Period statements and improper accounting practices artificially inflated the price of Peerless' stock during the Class Period.

After further investigating this matter, Lead Plaintiffs and their counsel concluded that the Complaint should be voluntarily dismissed without prejudice. Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1), Lead Plaintiffs notified defendants of their intent, and defendants agreed to the dismissal, with each side bearing its own costs. No consideration has been exchanged, and neither Lead Plaintiffs nor their counsel will receive any compensation or reimbursement of expenses. Moreover, Lead Plaintiffs believe that the Class will not be prejudiced as no members of the Class are barred from pursuing their own individual claims against defendants if they so choose. If you wish to discuss this action or have any questions concerning this notice or your rights or interest, please contact plaintiffs' counsel.

CONTACT: Finkelstein & Krinsk
501 W. Broadway, Suite 1250
San Diego, California 92101
FK@classactionlaw.com
Tel.: 619/238-1333

FINKELSTEIN & KRINSK
501 WEST BROADWAY, SUITE 1250
SAN DIEGO, CA 92101-3593
TELEPHONE: 619/238-1333

LEAD COUNSEL FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CASE TITLE    :    In re PEERLESS SYSTEMS CORP. SECURITIES LITIGATION

CASE NO.      :    00-CV-1725-L (RBB)

## PROOF OF SERVICE

I, THE UNDERSIGNED, DECLARE THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS AND NOT A PARTY TO THE WITHIN ACTION. I AM EMPLOYED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA. MY BUSINESS ADDRESS IS 501 WEST BROADWAY, SUITE 1250, SAN DIEGO, CALIFORNIA 92101-3593.

I SERVED THE FOLLOWING DOCUMENT(S) ON [DATE]:**                                    November 7, 2002

**STIPULATION CONTINUING HEARING DATE FROM NOVEMBER 4, 2002 TO NOVEMBER 25, 2002**

[X] **VIA U.S. MAIL**
I DEPOSITED THE ABOVE DOCUMENT(S)
IN THE U.S. MAIL, POSTAGE PREPAID, AT
SAN DIEGO, CA, ADDRESSED AS FOLLOWS:

[ ] **VIA OVERNIGHT DELIVERY**
I DEPOSITED THE ABOVE DOCUMENT(S)
AT AN OVERNIGHT DOCUMENT DEPOSITORY
ADDRESSED AS FOLLOWS:

[ ] **VIA PERSONAL SERVICE**
I PERSONALLY DELIVERED THE ABOVE
DOCUMENT(S) TO THE PERSON SERVED
AT THE FOLLOWING ADDRESS:

[ ] **VIA FACSIMILE**
I TRANSMITTED THE ABOVE DOCUMENT(S)
VIA FACSIMILE TO THE PERSON SERVED
AS FOLLOWS:

**SEE ATTACHED SERVICE LIST**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT AND THAT I AM EMPLOYED IN THE OFFICE OF A MEMBER OF THE BAR OF THIS COURT, AT WHOSE DIRECTION THE WITHIN SERVICE WAS MADE. EXECUTED: November 7, 2002, AT SAN DIEGO, CALIFORNIA.

FILE NO: 7401.01

SHIRNET M. MARRIOTT

## SERVICE LIST

Fred Taylor Isquith, Esq.
Gregory Mark Nespole, Esq.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

Francis M. Gregorek, Esq.
Betsy C. Manifold
Francis A. Bottini, Jr., Esq.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

Evan Smith, Esq.
BRODSKY & SMITH, LLC
11 Bala Avenue, Suite 39
Bala Cynwyd, PA 19004
Telephone: 610/668-7987
Facsimile: 610/660-0450

Charles J. Piven, Esq.
LAW OFFICES OF CHARLES J. PIVEN, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: 410/332-0030
Facsimile:  410/685-1300

Attorneys for Plaintiff ROBERT JOHNSTON

Nina F. Locker, Esq.
Ellen H. Ehrenpreis, Esq.
Melissa M. Maccarone, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650/493-9300
Facsimile:  650/565-5100

Attorneys for Defendants
PEERLESS SYSTEMS CORPORATION AND
EDWARD A. GAVALDON

Mr. Thomas B. Ruffolo
1445 Wharf Road
Capitola, CA 95010

Defendant